IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES F. PIFER,

    Plaintiff,                    No. CIV S-87-1623 FCD KJM P

    vs.

DANIEL MCCARTHY, et al.,

    Defendants.                <u>ORDER</u>

                                  /

Plaintiff is a state prisoner proceeding with counsel with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff's December 29, 2004 motion to compel is before the court. On February 25, 2005, the parties filed a "Joint Statement Re: Discovery Disputes" (Joint Statement) outlining their positions concerning plaintiff's motion. On March 2, 2005, the motion came on for hearing; Carter White, Nicholas Carrigan and Jason Schnitzler appeared for plaintiff; Sandra Lusich appeared for defendants. After reviewing all matters relevant to plaintiff's motion, the court finds as follows:

1. <u>Section III.A.1 (Redacted Nonconfidential Central File Documents)</u>[1]

        Counsel for defendants shall make a reasonable, good faith effort to locate

---

[1] The subheadings in this order refer to sections in the parties' "Joint Statement Re: Discovery Disputes."

1

unredacted copies of the documents identified on page 6, lines 8-18 of the Joint Statement, and provide them to plaintiff's counsel within thirty days. If after a reasonable effort, unredacted copies cannot be located, counsel shall so certify to plaintiff within the same thirty day period provided herein.

2. Section III.A.2 (Confidential Folder in Central File)

At the hearing on plaintiff's motion to compel, the court ordered defendants to produce, for in camera review, the documents referenced on page 7, lines 16-20 of the Joint Statement. Defendants submitted the documents to the court on March 4, 2005.

The court will not order defendants to produce the August 13, 2001 memorandum submitted, as it does not appear relevant to any claim in this case, nor does production appear likely to lead to the discovery of admissible evidence. Defendants will be ordered to produce the January 14, 2002 memorandum. Defendants may redact the following material from the January 2002 memorandum: page 2, second full paragraph (beginning with the words "First Item") through and including the end of the second full paragraph on page 4 (ending with the word "gang."). Counsel for plaintiff shall not show this document to anyone, including plaintiff, without a prior court order.

2. Section III.A.3 (Validation Documents)

Plaintiff seeks "[i]tems used to validate [plaintiff] as an associate of the Aryan Brotherhood." Defendants have indicated that, with respect to this request, they "have nothing more to produce." Therefore, plaintiff's motion to compel will be denied as moot with respect to the material outlined in section III.A.3 of the Joint Statement.

3. Section III.B (Deposition by Written Questions)

Defendants served a "Notice Of Deposition By Written Questions With Request For Production Of Custodian Of Records FRCP 26, 31, 34, and 45" by subpoena upon "Custodian of Records, California Department of Corrections, c/o Edward Alameida, Director, 1515 S Street, Sacramento, CA, 95814." Joint Statement, Ex. G at 1, 5. The deposition was

1 scheduled for May 30, 2003 in Sacramento. Id. at 1. According to the "Notice," the Custodian
2 was to appear to answer certain written questions provided in the "Notice," and to bring certain
3 documents to the deposition. After receiving, the "Notice" and before the deposition was to
4 occur, counsel for the Custodian[2] served plaintiff with written objections to the request for
5 documents. Id., Ex. H. At the hearing on plaintiff's motion to compel, the parties informed the
6 court that no objections were ever made to the written questions and that the deposition never
7 occurred. It appears that plaintiff asks that the Custodian, or whoever is the person most
8 knowledgeable with regard to the discovery requested, be required to sit for deposition.

9 Because it does not appear from the record that the Custodian refused to be
10 deposed, or did not show up for any deposition at a time confirmed by plaintiff's counsel, the
11 court cannot compel the Custodian or anyone else to do anything with respect to the deposition
12 by written questions. It appears from the record the Custodian was prepared to honor the
13 subpoena with respect to the deposition, but plaintiff simply decided not to go forward with it.[3]

14 4. Section III. C (Request for Production of Documents at Deposition)

15 As noted above, counsel for the Custodian served objections to the request for
16 documents portion of the "Notice Of Deposition By Written Questions With Request For
17 Production. . ." as the Custodian is authorized to do under Rule 45(c)(2)(B) of the Federal Rules
18 of Civil Procedure. Id. Plaintiff requested that the Custodian produce fourteen different
19 categories of documents. Id., Ex. G at 2-3.

20 At the hearing on plaintiff's motion to compel, counsel for the Custodian and

---

[2] Counsel for the "Custodian" is also counsel for the defendants in the action. In the Joint Statement, the "Custodian" is identified as Marilyn Ouye. Joint Statement at 10:23-26.

[3] It may well be that plaintiff's counsel felt there was no reason to go forward with the deposition of the Custodian identified in the notice. At the hearing on the motion to compel, counsel for plaintiff suggested that the only reason for having the deposition was for the Custodian to authenticate records produced in response to the subpoena. From her objections to the request to produce, however, it appears the Custodian was not going to produce any documents at or before the deposition.

defendants indicated that plaintiff has been provided with all documents responsive to requests 4, 5, 8, 10 and 11. Therefore, plaintiff's motion to compel will be denied as moot with respect to these requests.

With respect to requests 1-3, 6-7, 9 and 12-14, the Custodian asserts that such documents are not in her possession, and that she is not the custodian of such records. Plaintiff asserts that if such documents are not in the possession of the Custodian, the California Department of Corrections (CDC) must designate the person who does possess such documents under Rule 30(b)(6) of the Federal Rules of Civil Procedure, and that person should be required to turn over the documents to plaintiff. This argument is not well taken. Rule 30(b)(6) specifically provides that a party may name a governmental entity as the deponent in a subpoena and identify particular matters upon which an examination is requested. Such a subpoena must inform the entity of its duty to designate one or more persons to testify in response to the subpoena. Not only did the subpoena at issue identify a particular person – not a governmental entity – as the party to be deposed; no mention was made of CDC's duty to designate one or more persons to testify. In fact, Rule 30(b)(6) is not mentioned in the subpoena at all or in the accompanying documents. On this record, the court cannot require anyone other than the Custodian to respond to plaintiff's subpoena. Therefore, plaintiff's motion to compel will be denied with respect to requests 1-3, 6-7, 9 and 12-14 found on pages 2 and 3 of Exhibit G attached to the Joint Statement.

5. <u>Section III. D (Discovery Previously Propounded by Plaintiff In Pro Per)</u>

The court denied plaintiff's motion to compel with respect to the matters addressed in Section III.D of the parties' Joint Statement at the hearing held March 2, 2005, and in the order issued immediately following that hearing. <u>See</u> Order filed March 3, 2005.

6. <u>Scheduling Matters</u>

The parties have asked for sixty days from the resolution of plaintiff's motion to compel to file dispositive motions. The parties' request will be granted. The court will not

schedule dates for the filing of pretrial statements or trial until after dispositive motions, if any, are resolved.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 29, 2004 motion to compel is denied with the following exceptions:

    A.    Defendants shall make a reasonable effort to locate unredacted copies of the documents identified on page 6, lines 8-18 of the parties' February 25, 2005 Joint Statement Regarding Discovery Disputes, and provide them to plaintiff's counsel within thirty days. If after a reasonable effort, unredacted copies cannot be located, counsel shall so certify to plaintiff, within the same thirty day period.

    B.    Defendants shall produce to plaintiff's counsel the document identified on page 7, line 17 of the parties' February 25, 2005 Joint Statement Regarding Discovery Disputes within ten days. Defendants may redact the following material from this document: beginning on page 2, second full paragraph (beginning with the words "First Item") through and including the end of the second full paragraph on page 4 (ending with the word "gang."). Counsel for plaintiff shall not show this document to anyone, including plaintiff, without court order.

2. All dispositive motions shall be filed within sixty days of defendants' compliance with paragraph 1.A above.

DATED: September 30, 2005.

                                  UNITED STATES MAGISTRATE JUDGE

1 pife1623.mtc