IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES F. PIFER,

    Plaintiff,                  No. CIV S-87-1623 FCD KJM P

  vs.

DANIEL MCCARTHY, et al.,

    Defendants.          <u>ORDER</u>

_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On December 14, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  However, the court writes to briefly address plaintiff's claims that defendants were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment because he was at "particularly high risk for suffering from a mental illness." (Pl.'s Objections, filed Jan. 24, 2007, at 5).  Plaintiff did not raise this issue with any clarity in his opposition to defendants' motion for summary judgment.[1]  As such, the magistrate judge did not address it in her findings and recommendations.  However, for the sake of completeness, the court will address plaintiff's objections herein.

Plaintiff argues that he has presented evidence sufficient to present a triable issue of fact that defendants knew he was at a particularly high risk for suffering from a mental illness, and therefore, that defendants violated his Eighth Amendment rights by confining him in administrative segregation for nearly fourteen years.  Plaintiff relies exclusively on the Northern

---

[1] Rather, the crux of plaintiff's argument was that the conditions of plaintiff's incarceration was cruel and unusual punishment because he was denied access to treatment for his narcotics addiction while in segregation.  The magistrate judge thoroughly addressed this issue in the findings and recommendations.  Plaintiff arguably waived this additional argument by failing to clearly raise it in his opposition.

2

District of California's opinion in <u>Madrid v. Gomez</u> for the proposition that this knowledge could constitute an Eighth Amendment violation.  889 F. Supp. 1146 (N.D. Cal. 1995).  In <u>Madrid</u>, the court acknowledged that there may be an actionable Eighth Amendment violation where the conditions of segregation affect "certain categories of inmates . . . [who] are at a particularly high risk of for suffering very serious or severe injury to their mental health."  <u>Id.</u> at 1265.  The court noted that "[s]uch inmates consist of the already mentally ill, as well as persons with borderline personality disorders, brain damage or mental retardation, impulse-ridden personalities, or a history of prior psychiatric problems or chronic depression."  <u>Id.</u>

    Plaintiff contends that he has presented evidence, in the form of the psychiatric reports in his file, that he should be considered in this category of "high risk" inmates.[2]  However, these reports do not demonstrate that plaintiff was mentally ill, had a history of psychiatric problems, or suffered from chronic depression.  The medical reports state that plaintiff had previously participated in group therapy, that he had narcotics issues in the past, and that plaintiff was recommended for an on-going treatment program for his narcotics addiction.  Nothing in the report provides that plaintiff had been diagnosed with a mental illness or that his narcotics addiction made him more

---

[2] Plaintiff also argues that his statement regarding the effect of segregated housing should also be considered.  However, there is no evidence that defendants were aware of plaintiff's personal reflections on his experience.

3

susceptible to mental illness. Therefore, even if plaintiff was a "high risk" inmate, defendants were not on notice of this fact.

Moreover, assuming *arguendo* that plaintiff was a "high risk" inmate due to his narcotics addiction and that defendants should have been on notice of this from the reports in his file, defendants are entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194 (2001). At the time of the alleged constitutional violation, the law was not clearly established in the Ninth Circuit that inmates with narcotics addictions are at high risk of mental illness from the conditions of segregation, such that housing in segregation would constitute a violation of the inmates' Eighth Amendment rights. Cf. Madrid, 889 F. Supp. at 1265.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 14, 2006, are adopted in full;
2. The motion for summary judgment filed on January 30, 2006 by defendants Alvarado, Borg, Bunnell, Dowell, Kraemer, McCarthy, Price, Rowland, Stainer, Walker and White are granted; and
3. This case is closed.

DATED: March 20, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4